IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DAVIDSON'S MASONRY, INC., *an Oregon corporation*, <br><br> Plaintiff, <br><br> v. <br><br> MARYL GROUP CONSTRUCTION, INC., *a Hawaii corporation*, <br><br> Defendant. | Case No. 6:25-cv-00359-MC <br><br> OPINION AND ORDER |

MCSHANE, Judge:

Plaintiff Davidson's Masonry, Inc. brings this action against Defendant Maryl Group Construction, Inc., asserting claims for breach of contract, promissory estoppel, and unjust enrichment. Notice Remov. Ex. 2, at ¶¶ 7–18, ECF No. 1 ("Compl."). Before the Court is Defendant's Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Def.'s Mot. Dismiss 1, ECF No. 8. Because Defendant lacks sufficient minimum contacts with Oregon, the Court GRANTS the Motion.

**BACKGROUND**

Defendant is a general contractor headquartered in Hawaii, licensed to work in Hawaii, and registered under the laws of Hawaii. Ogoshi Decl. ¶ 2, ECF No. 10. Defendant only works on projects in Hawaii, has never held itself out as available to work outside of Hawaii, and only hires subcontractors who themselves work in Hawaii. *Id.* at ¶¶ 2–4. Defendant has never worked in Oregon and has no offices or employees in Oregon. *Id.* at ¶ 2. When Defendant has a potential

1 – Opinion and Order

project, it often uses SmartBid to solicit bids from possible subcontractors. Kerkau Decl. ¶ 3, ECF No. 9. SmartBid is a software bidding platform that distributes the project information to an internal database of subcontractors based on trade, location, minority status, and other categories. *Id.*; *see also* Haynes Decl. ¶ 27, Ex. 19, ECF No. 13.

Plaintiff is a mason contractor based and licensed in Oregon. Haynes Decl. ¶ 2. It obtained a license to work in Hawaii in 2014 because "there were only two commercial Mason Contractors in Hawaii" at the time. *Id.* at ¶¶ 3, 5; *see also* Haynes Decl. Ex. 1 at 1 (listing Plaintiff's "Business Address" on its licensure profile as "1001 Bishop St. Ste. 2685A, Honolulu, HI, 96813). Since 2017, Plaintiff has received approximately 69 SmartBid invitations to bid on Defendant's projects, and Defendant sometimes called to inquire whether Plaintiff was planning to bid. Haynes Decl. ¶¶ 6, 28–29.

In early 2021, Defendant was acting as the general contractor for a senior housing project in Hilo, Hawaii ("Project"). Ogoshi Decl. ¶ 5. Defendant "sent out project information to potential [concrete masonry unit] subcontractors via a general distribution to relevant subcontractors in the SmartBid database." Kerkau Decl. ¶ 4. Plaintiff received that invitation. Haynes Decl. ¶ 8; Ex. 3. The email identified Plaintiff as "Davidson's Masonry, Inc. (Honolulu)." Haynes Decl. Ex. 4, at 1. Plaintiff responsively submitted a proposal for the Project, initiating a course of negotiations that resulted in further invitations to re-bid, and at least 100 emails and phone calls between Plaintiff and Defendant. Haynes Decl. ¶¶ 9–10, 12. In its original bid proposal, Plaintiff's letterhead displayed its Oregon mailing address. *See* Haynes Decl. Ex. 4, at 2. According to Defendant's president, "Maryl Group considered [Plaintiff] for the Project because [Plaintiff] held itself out as a subcontractor able and available to work on projects in Hawaii." Ogoshi Decl. ¶ 5.

On September 28, 2022, Defendant sent Plaintiff a letter of intent, stating that it intended to award the subcontract to Plaintiff. Haynes Decl. ¶ 11; Ex. 6, at 1. The parties went back and forth for months over revisions to a subcontractor agreement. Haynes Decl. ¶¶ 14–18. After Plaintiff informed Defendant that it intended to use Oregon labor for the Project, however, Defendant decided not to award the subcontract to Plaintiff, due to the precipitating costs and complications. *Id.* at ¶ 14; Ogoshi Decl. ¶ 7; Kerkau Decl. ¶¶ 10–12. On December 1, 2022, Defendant sent Plaintiff an email stating the following:

> "Due to all the changes and requests that have been made, it has become apparent that Davidson's Masonry is no longer in line with the project requirements.
>
> If you can honor your price without the extra material adds and labor to receive your own material and adhere to the requirements of the project schedule and sequencing, then maybe there is something that can be worked out, but at the moment, our two goals do not align."

Haynes Decl. Ex. 13.

On December 12, 2024, Plaintiff filed this action in Marion County Circuit Court, asserting contract claims against Defendant related to the lost work opportunity. Defendant removed to federal court and moved to dismiss for lack of jurisdiction. *See* Notice Remov., ECF No. 1. Defendant argues that, as an out-of-state resident, its contacts with this forum are insufficient to confer personal jurisdiction. The Court agrees.

## STANDARD OF REVIEW

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima

facie showing of jurisdictional facts.'" *Id.* (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,'" any "uncontroverted allegations in the complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800 (original citations omitted).

## DISCUSSION

Because there is no applicable federal statute governing personal jurisdiction, the Court looks to Oregon law. *See* Fed. R. Civ. P. 4(k)(1)(A); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Oregon law authorizes personal jurisdiction to the fullest extent permitted by the Due Process Clause of the U.S. Constitution. *See* Or. R. Civ. P. 4L. To be consistent with due process, a plaintiff must show that a defendant has "minimum contacts" with Oregon, such that "the maintenance of the suit" is "reasonable, in the context of our federal system of government," and "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *E.g.*, *Ranza*, 793 F.3d at 1068.

### I. General Jurisdiction

For general jurisdiction to exist, the defendant must be "essentially at home" within the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Corporations are "at home" in their state of incorporation and principal place of business. *Id.* In exceptional cases, a foreign corporation may also be considered "at home" where its affiliations with a state "are so 'continuous and systematic' as to render [it] essentially at home" in that state.

*Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also id.* at 359. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum [s]tate to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

Here, Defendant is "at home" in Hawaii—its headquarters is in Hawaii, it is incorporated under the laws of Hawaii, it is a licensed contractor in Hawaii, and it has only ever worked on projects in Hawaii. Defendant does not currently, nor has it ever, worked on projects in Oregon, and it does not have any offices or employees in Oregon. Based on these facts, it cannot be said that Defendant has contacts with Oregon that are so "systematic and continuous" as to conclude it is "at home" here. And, notably, Plaintiff neglects to make any argument on this issue. *See* Pl.'s Resp. 5, 11, ECF No. 12. Due process therefore does not permit the exercise of general jurisdiction over Defendant in Oregon.

## II. Specific Jurisdiction

Alternatively, specific jurisdiction may apply where the defendant is "less intimately connected" with the forum state. *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023) (quoting *Ford Motor Co.*, 592 U.S. at 359). "To assert specific jurisdiction, the defendant must have 'take[n] some act by which it purposefully avails itself of the privilege of conducting activities within the forum [s]tate.'" *Id.* (quoting *Ford Motor Co.*, 592 U.S. at 359). The act must be the defendant's own "and not 'random, isolated, or fortuitous.'" *Ford Motor Co.*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). Given that this type of jurisdiction rests on limited contacts with the forum, due process demands that the claims asserted "must arise out of or relate to the defendant's contacts *with the forum*."

*Id.* (emphasis added).

The Ninth Circuit has established a three-pronged test for analyzing whether specific jurisdiction over a defendant is proper:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). Plaintiff bears the burden of satisfying the first two prongs of the test; if it fails to satisfy either, personal jurisdiction is not established. *Id.* Here, Plaintiff fails to satisfy the first prong.

### A. First Prong

Under the first prong, Plaintiff has the burden of establishing that Defendant "performed some act or consummated some transaction within the forum or otherwise purposefully availed [itself] of the privileges of conducting activities in the forum." *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (original citations omitted). This prong may be satisfied by showing either "purposeful direction" or "purposeful availment."[1] *E.g.*, *In re W. States*

---

[1] While the first prong encompasses both "purposeful availment" and "purposeful direction," they are distinct concepts. *Davis*, 71 F.4th at 1162. Historically, some courts have applied the "availment" analysis to contract claims, and the "direction" analysis to torts. *See Schwarzenegger*, 374 F.3d at 802. But the Ninth Circuit has clarified that there is no "rigid dividing line between these two types of claims." *Davis*, 71 F.4th at 1162. "Both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Accordingly, "when considering specific jurisdiction, courts should comprehensively evaluate the extent of the defendant's contacts with the forum state and those contacts' relationship to the plaintiffs' claims— which may mean looking at both purposeful availment and purposeful direction." *Id.* (citations omitted).

*Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 743 (9th Cir. 2013).

Purposeful direction is evaluated under a three-part "effects test." *Davis*, 71 F.4th at 1162–63 (relying on *Calder v. Jones*, 465 U.S. 783 (1984)). The test asks whether the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Here, there is no evidence that Defendant expressly aimed any actions at Oregon. Defendant explicitly contacted Plaintiff's Honolulu office because Plaintiff held itself out as being able and willing to take on projects in Hawaii. Once Defendant became aware that Plaintiff would be incorporating Oregon staff and services, Defendant ended the relationship. To the extent any argument rests on the fact that some tasks were performed in Oregon and labor was set to be sent from Oregon, those facts resulted from Plaintiff's unilateral decision and were not Defendant's own. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."). Lacking any intentional act expressly aimed at the forum, purposeful direction cannot be established here.

To establish purposeful availment, courts "look at a defendant's 'entire course of dealing' with the forum state—'not solely the particular contract or tortious conduct giving rise to [a plaintiff's] claim.'" *Davis*, 71 F.4th at 1163 (quoting *Glob. Commodities Trading Grp. Inc., v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1108 (9th Cir. 2020)). This analysis seeks an exchange: when the defendant "purposefully avails itself of the privilege of conducting activities

7 – Opinion and Order

within the forum [s]tate, thus invoking the benefits and protections of its laws," it thereby "submit[s] to the burdens of litigation" in that forum. *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802). Here, Plaintiff points to nothing that evinces Defendant purposefully availed itself of the benefits and protections of Oregon. A final agreement was never executed, the negotiations took place entirely over email and phone, and the Project's terms and contemplated future consequences were set to occur exclusively in Hawaii, governed by Hawaii's laws. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985) (explaining that purposeful availment can be established by a contract's negotiations, terms, contemplated future consequences, and the parties' course of dealings). Plaintiff attempts to argue that Defendant reached out to Oregon through the parties' course of dealings when Defendant sent Plaintiff bid invitations over SmartBid and directed calls, emails, and invitations to re-bid. This course of dealings, however, does not reflect Defendant availing itself of Oregon's laws; it merely implicates an Oregon resident. *See Burger King*, 471 U.S. at 478 (entering a contract with a forum state resident is not enough in itself to establish minimum contacts). Nothing in the record indicates that Defendant sought out Plaintiff in Oregon or benefited from Plaintiff's residency in Oregon, as Plaintiff would argue.[2]

Because Plaintiff has failed to demonstrate either that Defendant directed its activities at Oregon or purposefully availed itself of the privileges of conducting business in Oregon, the first prong cannot be met. The Court need not address the remaining two. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) ("[I]f the plaintiff fails at the first step, the jurisdictional

---

[2] Plaintiff also argues that specific jurisdiction over Defendant is proper under a "sliding scale" test, as employed by the court in *Tech Heads, Inc. v. Desktop Serv. Ctr.*, 105 F. Supp. 2d. 1142, 1149–50 (D. Or. 2000). At its core, Plaintiff's argument is that jurisdiction is proper because Defendant uses an interactive website—SmartBid—and because Defendant has at least one contact with Oregon—the bid invitations. Having already established that Defendant's bid invitations and other communications are not contacts with Oregon for the purpose of establishing specific personal jurisdiction, Plaintiff's argument cannot prevail, obviating the need to address the argument's other deficiencies.

8 – Opinion and Order

inquiry ends and the case must be dismissed."). Plaintiff has failed to make even a prima facie case that this Court has personal jurisdiction—specific or general—over Defendant.

As a final note, in the event this Court "is not inclined to find personal jurisdiction based on the facts known to Plaintiff" at this time, Plaintiff requests leave to conduct jurisdictional discovery. Pl.'s Resp. 5, 11. To support this request, Plaintiff points to one paragraph from its declaration stating that Plaintiff "know[s] at least one Oregon based contractor that has performed work on a Maryl Group project in Hawaii around 2013." Haynes Decl. ¶ 30. Plaintiff believes "Defendant may have significant general contacts with Oregon." Pl.'s Resp. 11. Such a hunch cannot justify costly discovery where, at best, it would only yield evidence of more projects performed exclusively in another forum. The Court fails to see how those contacts would be so "continuous and systematic" as to render the Defendant essentially "at home" in Oregon. Nor could Plaintiff's proffered evidence lead to a finding of specific jurisdiction, since Plaintiff's claims do not "arise out of or relate to" Defendant's contacts with a different Oregon-based company. For these reasons, we deny Plaintiff's request for jurisdictional discovery.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant's Motion to Dismiss, ECF No. 8. The matter is dismissed without prejudice for lack of personal jurisdiction.

IT IS SO ORDERED.

DATED this 18th day of June 2025.

                                          __s/Michael J. McShane_____
                                                    Michael McShane
                                         United States District Judge